**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Roberto Jaime RAMIREZ–RAMIREZ,**
**Defendant–Appellant.**

**No. 12–50162.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 27, 2013.*

Filed Sept. 23, 2013.

Rodrigo A. Castro–Silva, Curtis A. Kin, Esquire, Nili T. Moghaddam, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Carlton Gunn, Esquire, Kaye McLane Bednarski & Litt, LLP Pasadena, CA, for Defendant–Appellant.

Before: O'SCANNLAIN and CHRISTEN, Circuit Judges, and COGAN, District Judge.**

MEMORANDUM ***

Roberto Ramirez–Ramirez appeals his convictions and sentence for conspiracy to possess cocaine with intent to distribute and conspiracy to distribute at least five kilograms of cocaine (21 U.S.C. § § 846 & 841(b)(1)(A)(ii)), conspiracy to interfere

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

with commerce by robbery (18 U.S.C. § 1951), possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)), and being an illegal alien in possession of a firearm (18 U.S.C. § 922(g)(5)).

1. Federal Rule of Criminal Procedure 11(c)(1), on its face, applies to plea negotiations, not a defendant's jury trial waiver. Whereas "judicial involvement in plea negotiations inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty," *United States v. Bruce,* 976 F.2d 552, 556 (9th Cir.1992), Ramirez–Ramirez contested his guilt in a bench trial. Moreover, a colloquy is required in other situations when a defendant waives a jury trial, *see, e.g., United States v. Duarte–Higareda,* 113 F.3d 1000, 1003 (9th Cir.1997), and this creates inherent tension between Rule 11(c)(1)'s proscription of judicial participation and a jury trial waiver.

2. The district court's colloquy adequately addressed the criteria described in *United States v. Cochran,* 770 F.2d 850, 852 (9th Cir.1985). With respect to precautions that would have been taken in a jury trial to avoid prejudice from the alien in possession of a firearm charge, the district court did not need to "explain to the defendant the strategic ramifications of the decision" to waive a jury trial. *United States v. Reyes,* 603 F.2d 69, 72 (9th Cir. 1979) (waiver of 12–person jury).

3. Ramirez–Ramirez did not present any evidence tending to show "a lack of intent *or* lack of capability to deal in the quantity of drugs charged." *United States*

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Yuman–Hernandez,* 712 F.3d 471, 475 (9th Cir.2013). Ramirez–Ramirez's argument that there was no evidence that he was predisposed mis-perceives the burden of proof. *Id.*

4. Although generally a "district court is obligated to make express factual findings as to whether the defendant met" his or her burden to show sentencing entrapment by a preponderance of the evidence, *United States v. Riewe,* 165 F.3d 727, 729 (9th Cir.1999), here, Ramirez–Ramirez presented no credible evidence to satisfy his burden. Consequently, the district court's findings were adequate.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.